UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                                           DECISION AND ORDER

                                                                           05-CR-6123L

                        v.

REGINALD WILLIS,

                          Defendant.
_____

      Defendant Reginald Willis ("Willis") is charged in three counts with narcotics and firearms violations. I referred all pretrial motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b).

      Subsequent to arraignment and some discovery, Willis moved to suppress evidence seized and statements made by him to the police in connection with his arrest on June 29, 2005, near 140 Weld Street, Rochester, New York. Magistrate Judge Feldman held a suppression hearing, over two days, at which the arresting officers and Willis testified. After the hearing, Magistrate Judge Feldman issued a thorough 14 page Report and Recommendation in which he discusses the facts elicited at the hearing and the controlling law. Magistrate Judge Feldman's recommendation was that all motions should be denied. Willis has filed an objection to one of Magistrate Judge

Feldman's recommendations, that is, that the defendant's motion to suppress the statement he made while in custody at the Public Safety Building be denied.

I have reviewed Magistrate Judge Feldman's Report and Recommendation, defendant's objection (Dkt. #35) and the transcripts of both suppression hearings on November 16 and December 9, 2006 which were prepared and made available for my review.

I believe that Magistrate Judge Feldman's Report and Recommendation accurately summarizes the facts developed at the suppression hearings. Willis corroborates much of the officers' testimony. Defendant's objection focuses on the circumstances surrounding the interrogation of Willis at the Public Safety Building in Rochester. Defendant contends that his statement was not voluntarily made and should, therefore, be suppressed. I disagree and accept Magistrate Judge Feldman's determination on this issue. Magistrate Judge Feldman sets forth the facts surrounding the interrogation and, although there were some unique aspects (the interrogation was conducted by masked police officers), I agree with Magistrate Judge Feldman that the evidence does not support the conclusion that the oral and written statements made by Willis were coerced.

Magistrate Judge Feldman found that Willis had been advised of his *Miranda* rights and Willis does not really dispute that. The thrust of his argument is that the statement was not voluntary because he was intimidated and coerced. A fair reading of the facts does not support that conclusion. Magistrate Judge Feldman found that the circumstances of the interrogation were not so coercive as to render the post-*Miranda* statement involuntary. After reviewing the facts, I agree. I also agree with Magistrate Judge Feldman's determination that the initial stop and subsequent arrest of Willis was proper. Magistrate Judge Feldman discusses the facts and the law and Willis has not objected to that portion of Magistrate Judge Feldman's Report.

CONCLUSION

I accept and adopt the Report and Recommendation of Magistrate Judge Jonathan W. Feldman (Dkt. #33). I overrule and deny the objections filed by Willis to that Report. Defendant's motion to suppress physical evidence and statements is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 4, 2006.