UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                                <u>DECISION AND ORDER</u>

                                                                05-CR-6123L

                    v.

REGINALD WILLIS,

                                        Defendant.
_____

## INTRODUCTION

On September 13, 2006, a superseding indictment was filed against defendant Reginald

Willis ("Willis") charging him in four counts with narcotics and firearms violations over a

period of time from March 2004 to June 29, 2005.  The original indictment charged Willis only

with activities occurring on June 29, 2005, the date of his arrest.

This Court referred all pretrial motions to United States Magistrate Judge Jonathan W.

Feldman, pursuant to 28 U.S.C. § 636(b).  Willis moved for a bill of particulars relating to the

new charges, or for an order dismissing Counts II and III on the grounds they are duplicitous.[1]

(Dkt. #52).

_____

[1]Under the original indictment, Willis had moved to suppress evidence and statements that he made to the
police when he was arrested on June 29, 2005.  Magistrate Judge Feldman issued a Report and Recommendation on
those motions and this Court accepted that Report and Recommendation and denied Willis' motion to suppress
evidence and statements in an order entered August 4, 2006.

Magistrate Judge Feldman held argument on the motions and, at the conclusion of the argument, he denied the motion for a bill of particulars and denied defendant's motion to dismiss on the grounds of duplicity, from the bench, without prejudice to renewing the motion before the trial court. That oral decision was later confirmed by order (Dkt. #58) filed December 7, 2006.

Willis now objects to the Magistrate Judge's Report and Recommendation on two grounds: he believes that the Magistrate Judge erred in not ordering a bill of particulars in light of the nature of the superseding indictment; and, he renews his claim that Counts II and III are duplicitous.

Count I of the superseding indictment charges a conspiracy over a 15-month period from March 2004 to June 29, 2005, the date upon which Willis was arrested. Counts II and III are the challenged counts. They each charge either possession with intent to distribute or possession over the same 15-month period. It seems clear from the argument before Magistrate Judge Feldman and the proffered testimony that there were allegedly multiple times over the 15-month period when Willis possessed drugs at the premises, 140 Weld Street, Rochester, New York. Although it has been disclosed that a single witness was prepared to provide evidence concerning Willis' possession from March 2004 to November 2004, there was no disclosure concerning events occurring thereafter, from November 2004 to June 29, 2005.

**DISCUSSION**

"An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed.R.Crim.P. 8(a)'s requirement that there be 'a

separate count for each offense,' and 2) the defendant is prejudiced thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001).  The purposes of the rule against duplicitous indictments include:  avoiding uncertainty of general guilty verdict by concealing finding of guilty as to one crime and not guilty as to other; avoiding risk that jurors may not have been unanimous as to any one of the crimes charged; providing defendants with adequate notice of charged crimes; providing a basis for appropriate sentencing; and providing adequate protection against double jeopardy in subsequent prosecution. *United States v. Margiotta*, 646 F.2d 729, 732-33 (2d Cir. 1981).

Duplicitous pleading may be found not only where a single count charges that the defendant committed two different offenses, but also where a count charges that a particular offense was committed on more than one occasion.  *See*, *e.g.*, *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006) (indictment that pleaded separate ammunition possessions in single count could reasonably be viewed as duplicitous); *Sturdivant*, 244 F.3d at 76 (count that included within its scope two distinct drug transactions not connected by any overarching conspiracy was duplicitous); *United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006) ("an indictment can be duplicitous if numerous discrete instances of criminal conduct are lumped into a single count").

"Duplicitous pleading, however, is not presumptively invalid."  *Olmeda*, 461 F.3d at 281. *See also Sturdivant*, 244 F.3d at 75 n. 3 (noting that duplicitous charging is impermissible only if it prejudices defendant); *Davis*, 471 F.3d at 790 (rule against charging more than one act of criminal conduct in single count "is not an absolute rule").  "To the contrary, [the Second Circuit] has long held that 'acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single

continuing scheme.'" *Olmeda*, 461 F.3d at 281 (quoting *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989), *cert. denied*, 493 U.S. 1001 (1990)); *see also United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981) (approving inclusion of multiple fraudulent mailings in single mail fraud charge); *United States v. Buchmeier*, 255 F.3d 415, 421 (7th Cir. 2001) ("an indictment charging multiple acts in the same count, each of which could be charged as a separate offense, may not be duplicitous where these acts comprise a continuing course of conduct that constitutes a single offense"); *see, e.g.*, *United States v. Rivera*, 77 F.3d 1348, 1352 (11th Cir. 1996) (indictment charging possession of same firearm "[o]n or about August 12, 1994 and February 5, 1995," was not duplicitous, since "the possession as charged was a continuous course of conduct. It was therefore appropriate, and indeed, necessary, that the acts be charged in one count").

If a court does find a count of an indictment to be duplicitous, the court may dismiss that count, or it may require the government to elect to proceed upon only one of the distinct crimes charged in the count. *United States v. Aguilar*, 756 F.2d 1418, 1422-23 (9th Cir. 1985); *United States v. Gray*, 101 F.Supp.2d 580, 584 (E.D.Tenn. 2000). As the less harsh remedy, election is generally preferred over dismissal. *See, e.g.*, *United States v. Browning, Inc.*, 572 F.2d 720, 726 (10th Cir. 1978) (stating that although the trial court might "wish to compel the government to elect as to one transaction, ... [w]e are unable, however, to understand the necessity for dismissal of the indictment on this account"); *United States v. Marlinga*, No. CRIM 04-80372, 2005 WL 513494, at *7 (E.D.Mich. Feb. 28, 2005) (finding that requiring government to elect charge upon which it would rely was a "less drastic option" and that "[d]ismissal would ... be inappropriate"); *United States v. Conley*, 826 F.Supp. 1536, 1547 (W.D.Pa. 1993) ("Generally, the appropriate

remedy for a duplicitous count is to force the Government to elect to proceed on only one of the charges contained in the count"); *United States v. Moore*, 811 F.Supp. 112, 116 (W.D.N.Y. 1992) (stating that if "there exists a serious risk of jury confusion, the appropriate remedy would be to require the Government to elect among the alternative theories of culpability presented rather than to dismiss that count of the Indictment"). *See also Sturdivant*, 244 F.3d at 79 ("courts have held that prior to a defendant's conviction, prejudice to the defendant can be avoided by having the government elect to proceed based upon only one of the distinct crimes included within a duplicitous count").

Prejudice to the defendant can also be avoided at trial by instructing the jurors that they must unanimously agree on the particular conduct underlying the conviction. *See Sturdivant*, 244 F.3d at 79 (noting that prejudice can be avoided "by a jury instruction that ensures that the jury is unanimous as to the conduct underlying the conviction"); *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001) ("a defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed"), *cert. denied*, 537 U.S. 930 (2002); *United States v. Berardi*, 675 F.2d 894, 899 (7th Cir. 1982) (instruction informing jury that, in order to convict defendant, they "must be unanimous in ... finding that the defendant did at least one of the acts charged" in certain count was adequate to avoid risk of a nonunanimous guilty verdict, and therefore indictment "was not defective because of prejudicial duplicity"); *United States v. Parker*, 165 F.Supp.2d 431, 451 (W.D.N.Y. 2001) ("Even assuming any of the counts challenged by Defendants were found to be

- 5 -

duplicitous such fact does not require dismissal as the remedy of a special jury instruction to assure unanimity will avoid any prejudice to Defendants").

In the case at bar, I am not prepared to find at this time that Counts II and III are duplicitous. Although each of the counts alleges unspecified instances of possession by defendant over a substantial period–more than fifteen months–it is at least conceivable that these might be part of a continuing course of conduct amounting to a single offense. *See*, *e.g.*, *Davis*, 471 F.3d at 791 ("The indictment sets out an ongoing and continuous course of conduct, accomplished through three different methods, that were repeated on numerous (likely daily) occasions over several years"). From the indictment, it is not clear whether the Government contends that Willis possessed the drugs on 2 days, 22 days or 222 days during the 15-month period alleged in the indictment.

Nevertheless, the considerable duration of the offenses alleged here would certainly seem to call into question whether a continuing course of conduct can be shown. *Cf. Buchmeier*, 255 F.3d at 424-25 (stating that three interactions between codefendants "could reasonably be characterized as a continuing course of conduct," since "[t]he three meetings took place over a very short period of time, less than forty-eight hours, they involved the same activity between the same two parties"); *United States v. Figueroa*, 930 F.2d 30 (table), 1991 WL 49679, at *2 (9th Cir. 1991) (rejecting defendant's contention that count was duplicitous because it alleged two distributions, one taking place on May 21 and one on May 22; evidence showed that the distributions "were understood by all parties to be part of a single complete sale of one kilogram of cocaine").

In addition, the complete lack of specificity about when, or how often, during the charged period defendant actually possessed the drugs in question, certainly implicates some of the concerns underlying the rule against duplicitous indictments, as it provides defendant with only minimal notice of what he is alleged to have done.  It seems obvious that one alleged act of possession occurred on June 29, 2005, the date the search warrant was executed and contraband was found at Willis's residence, and the government has indicated that one witness will provide proof about the period from March 2004 to November 2004, but otherwise there is no indication of the number or dates of possession, particularly during the seven-month span from November 2004 to June 29, 2005.

This lack of detail also raises the specter of a nonunanimous jury verdict.  Although to some extent this can be mitigated through appropriate jury instructions, it would certainly be preferable to avoid such problems altogether.  *See Marlinga*, 2005 WL 513494, at *5 ("a jury instruction would be an unsatisfactory remedy when the problem and its potential for harm and prejudice is recognized so far in advance of trial").

I conclude, therefore, that a bill of particulars is warranted here.  Although a bill of particulars will not itself cure a duplicitous indictment, *see United States v. Hinton*, 127 F.Supp.2d 548, 554 (D.N.J. 2000) (citing *Russell v. United States*, 369 U.S. 749, 770 (1962)), it is appropriate to order a bill of particulars "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.) (internal quotation marks omitted), *cert. denied*, 498 U.S. 906 (1990).  That is the situation here.

If the Government persists in seeking indictments that charge "possession" over such a lengthy period of time, it can certainly anticipate that bills of particulars will be necessary to alleviate the problems discussed above.   A bill of particulars will not only provide defendant with notice of the particular criminal conduct with which he is charged, but will enable the Court to better determine whether that conduct can fairly be characterized as a "continuing course of conduct," or whether the government should be required to elect some particular act or conduct as the basis for Counts II and III.

The Government, therefore, is ordered to provide defendant with a bill of particulars, relating to Counts II and III, as follows:

      A.      The Government shall specify the dates and location where defendant "possessed" cocaine base, during the period charged in the indictment;

      B.      The Government shall specify the quantity of cocaine possessed on each date reported in Paragraph A;

      C.      The Government shall specify whether defendant had actual or constructive possession on each date reported in Paragraph A;

      D.      The Government shall specify whether defendant is charged as an aider and abetter.

## CONCLUSION

Defendant's objections to the Report and Recommendation of Magistrate Judge Feldman entered on November 16, 2006 (Dkt. #57) are granted in part, and denied in part.   Defendant's motion for a bill of particulars (Dkt. #52) is granted in part, as set forth above.   The Government

is hereby directed to file a bill of particulars within ten (10)  days of the date of entry of this Decision and Order.

In all other respects, defendant's objections to the Report and Recommendation are denied, and the Report and Recommendation is accepted and affirmed, without prejudice to defendant's renewal of the motion to dismiss on the grounds of duplicity.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 27, 2007.