UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                          <u>DECISION AND ORDER</u>

                                                          05-CR-6123L
                                                          11-CV-6069L

                    v.

REGINALD WILLIS,

                              Defendant.

_____

    Defendant Reginald Willis ("Willis") was indicted and charged in three counts with
narcotics offenses and one firearms offense. He proceeded to a jury trial and was convicted of two
narcotics offenses and the firearms offense but was acquitted of a count charging him with
possessing five grams or more of cocaine base during the period March 2004 through November
2004. (Count I). He was sentenced to 70 months on the narcotics counts and 60 months consecutive
on the firearms count, for an aggregate sentence of 130 months.[1]

    Willis appealed the judgment and sentence raising various grounds unrelated to the claim
now raised before this Court and the Second Circuit affirmed by decision entered April 22, 2010
(374 Fed. Appx. 175).

    Willis now has filed a motion, *pro se,* pursuant to 28 U.S.C. § 2255 to vacate, set aside or
correct the judgment and sentence. The Government filed an answer and memorandum of law (Dkt.
#156) in opposition.

_____

    [1]Willis was originally sentenced in September 2007 to an aggregate term of 138 months imprisonment, but
the case was remanded by the Second Circuit for resentencing pursuant to *United States v. Regalado,* 518 F.3d 143
(2008).

The basis for the motion is that his trial counsel provided ineffective assistance of counsel. Because Willis has failed to establish a basis for such a claim, the motion is denied.

The Government sets forth in detail the evidence submitted to the jury. The Court will not repeat all of that evidence here but suffice it to say that drugs, drug paraphernalia and other identifying documents connecting Willis to the residence at 140 Weld Street provided substantial evidence that Willis was a drug trafficker. Willis also made incriminating statement to the police at the time of the arrest. There was also expert testimony indicating that the items found were consistent with activities of a drug trafficker not one who used drugs only for personal use.

Willis testified at trial and did not dispute much of the evidence against him. His defense was that he was not a trafficker but that he had the drugs for his personal use only.

It is well established that a defendant who makes a claim of ineffective assistance of counsel must establish both parts of the two-prong standard set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). Defendant must establish both prongs: first, he must demonstrate that counsel's performance fell below an objective standard of reasonableness and, next, that he was prejudiced by counsel's deficient performance. Willis cannot establish either prong here. First, as pointed out by the Government, defense counsel was engaged at all times in the defense of the case. He vigorously cross-examined witnesses and attempted to develop Willis's defense that he was addicted to cocaine, that he did not distribute the drugs as claimed by one witness and that he was not in fact living at 140 Weld Street on the day of the search, June 29, 2005. To the extent Willis claims that his lawyer employed trial strategy not to his liking or made a wrong decision, such do not constitute ineffective assistance of counsel.

Willis now claims that trial counsel failed to call three witnesses to testify in his defense. But, as the Government points out, Willis fails to identify the witnesses and provides only conclusory statements about their proposed testimony. Willis's assertions amount to little more than his belief now that these witnesses, who remain unidentified, *might* have supplied relevant

testimony. In any event, at most, it appears these witnesses might only have provided cumulative testimony to Willis's own testimony that he was a drug addict and had relapsed.

Furthermore, as the Government points out in its response, it is pure speculation that any of that testimony would have affected the outcome of the trial as to the charges of conviction. Many of the matters relate to Count I, the possession with intent to distribute during a particular time frame and, of course, the jury acquitted Willis of that count.

Similarly, Willis claims counsel should have introduced and obtained certain records from state probation relative to his treatment and his release from the Rochester Housing Authority. Willis claims that these documents might have demonstrated that he was a user of drugs and not a seller, but like Willis's other claims, all this constitutes pure speculation.

As the Government points out, in any event, trial counsel did present testimony from Willis about his history of drug addiction and his relapse and provided Willis with an opportunity to explain all of the evidence found on his person and at the residence at 140 Weld Street, Rochester, New York.


CONCLUSION

The motion by defendant Reginald Willis to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 is in all respects denied.

Because Willis has failed to make a substantial showing of a constitutional violation, I deny a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      November 20, 2012.